IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JEFFREY JERALD DANIELS,<br><br>                Petitioner,<br><br>v.<br><br>THIRD DISTRICT COURT et al.,<br><br>                Respondents. | **MEMORANDUM DECISION<br>& ORDER GRANTING<br>MOTION TO RE-OPEN CASE**<br><br>Case No. 2:16-CV-1228-CW<br><br>District Judge Clark Waddoups |

On February 13, 2018, this Court dismissed Petitioner's action for failure to prosecute; Petitioner had not cured his petition as ordered by the Court on September 26, 2017. Explaining that he had not received the Court's order, Petitioner now moves to reopen the case. Good cause appearing, the Court grants Petitioner's motion.

Again, having reviewed the Petition, the Court concludes that it should be amended to cure the below deficiencies if Petitioner wishes to further pursue his claims.

## DEFICIENCIES IN PETITION

Petition:

(a)    lists a respondent other than his custodian.

(b)    possibly attacks a state sentence already served and does not clarify whether past state convictions form any basis for his current incarceration in federal prison.

(c)    perhaps contains amended claims regarding conditions of confinement suggested in Petitioner's motion to re-open this action, which claims are not appropriate in this habeas-corpus context.

(d)    has claims possibly based on the illegality of Petitioner's current confinement; however, the petition was apparently not submitted using the legal help Petitioner is entitled to by his institution under the Constitution (i.e., contract attorneys). *See Lewis v. Casey*, 518

U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

**REPEATED INSTRUCTIONS TO PETITIONER**

Under Rule 8 of the Federal Rules of Civil Procedure an initial pleading is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The requirements of Rule 8(a) are intended to guarantee "that [respondents] enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8. "This is so because a pro se [litigant] requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991). Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110. Thus, the Court cannot "supply additional facts, [or] construct a legal theory for [petitioner] that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Petitioner should consider the following general points before refiling his petition. First, the revised petition must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original petition or any other documents previously filed by

Petitioner. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (amendment supersedes original). Second, the petitioner must clearly state whom his custodian is and name that person (a warden or ultimate supervisor of an imprisonment facility) as the respondent. *See* R. 2, Rs. Governing § 2254 Cases in the U.S. Dist. Courts. Third, Petitioner may generally not bring civil-rights claims as to the conditions of his confinement in a habeas corpus petition. Fourth, any claims about Petitioner's underlying conviction and/or sentencing should be brought under § 2254; any claims about the execution of Petitioner's sentence should be brought under § 2241. 28 U.S.C.S. §§ 2254, 2241 (2018). Fifth, Petitioner should seek help to prepare initial pleadings from legal resources (e.g., contract attorneys) available where he is held.

## MOTION FOR APPOINTED COUNSEL

The Court now evaluates Petitioner's motion for appointed counsel. The Court initially notes that Petitioner has no constitutional right to appointed *pro bono* counsel in a federal habeas corpus case. *See United States v. Lewis*, No. 97-3135-SAC, 91-10047-01-SAC, 1998 WL 1054227, at *3 (D. Kan. December 9, 1998). Moreover, because no evidentiary hearing is required here, Petitioner has no statutory right to counsel. *See* Rule 8(c), R. Governing § 2254 Cases in U.S. Dist. Courts. However, the Court may in its discretion appoint counsel when "the interests of justice so require" for a "financially eligible person" bringing a § 2254 petition. *See* 18 U.S.C.S. § 3006A(a)(2)(B) (2018).

The Court has reviewed the filings in this case and determines that justice does not require appointed counsel at this time. First, it is yet unclear that Petitioner has asserted any colorable claims. *See Lewis*, 1998 WL 1054227, at *3; *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992). Second, Petitioner has shown "the ability to investigate the facts necessary

3

for [the] issues and to articulate them in a meaningful fashion." *Lewis*, 1998 WL 1054227, at *3; *Oliver*, 961 F.2d at 1343. Finally, the issues in this case appear "straightforward and not so complex as to require counsel's assistance." *Lewis*, 1998 WL 1054227, at *3; *Oliver*, 961 F.2d at 1343. The Court thus denies for now Petitioner's motion for appointed counsel.

## O R D E R

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Petitioner's motion to reopen this action is **GRANTED**. (Doc. No. 14.)

(2) Petitioner shall have **THIRTY DAYS** from the date of this order to cure the deficiencies noted above.

(3) The Clerk's Office shall mail Petitioner a copy of the Pro Se Litigant Guide with a proper form petition and/or civil-rights complaint for him to complete, according to the directions.

(4) If Petitioner fails to timely cure the above-noted deficiencies, as instructed herein, this action will be dismissed without further notice.

(5) Petitioner's motion for appointed counsel is **DENIED**. (Doc. No. 14.) However, if it later appears that counsel may be needed or of specific help, the Court may appoint an attorney to appear on Petitioner's behalf.

(6) Petitioner's potential civil-rights claim regarding mail tampering or legal access is **DENIED**. (Doc. No. 14.) It is inappropriately raised in this habeas context.

DATED this 16th day of May, 2018.

BY THE COURT:

JUDGE CLARK WADDOUPS
United States District Court